UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-81514-CIV-Cannon/Reinhart

JANE ARCHER,

                Plaintiff,

vs.

PETCO ANIMAL SUPPLIES STORES, INC., et al.,

                Defendants.
_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S**
**MOTION FOR ATTORNEYS' FEES AND COSTS (ECF NO. 17)**

Currently before me is Plaintiff Jane Archer's motion which seeks to recover the attorneys' fees and costs that she incurred in moving to remand this matter to state court. ECF No. 17. Ms. Archer contends that Defendant Petco lacked an objectively reasonable basis for removing this case to federal court and, therefore, Petco should reimburse her for the expense of filing her motion to remand. This motion was referred to me by the Honorable Aileen M. Cannon. ECF No. 18. I have reviewed the motion, Defendant's response (ECF No. 19), and Plaintiff's reply (ECF No. 20). For the reasons stated below, I **RECOMMEND** that Plaintiff's motion for fees and costs be **DENIED.**

**BACKGROUND**

In her Complaint initially filed in the Fifteenth Judicial Circuit Court in and for Palm Beach County, Ms. Archer alleged that suffered injuries when she slipped

and fell in a Palm Beach County Petco store that was owned by "Defendant Edens of South Carolina Limited Partnership, Inc." ECF No. 1 at 9. The Complaint alleged that Defendant Edens is a "for Profit Corporation licensed and doing business in Florida." ECF No. 1 at 10.[1]

On September 29, 2022, Defendant Petco removed the case to federal court on the grounds that complete diversity of citizenship existed between Plaintiff and all Defendants. ECF No. 1 at 2-3, 6. Specifically, Petco's Notice of Removal states that Ms. Archer is a citizen of Florida and that Defendant Petco is a citizen of the State of Delaware and the State of California. ECF No. 1 at 3. According to the Notice of Removal, Defendant Edens is a "citizen of the State of Delaware because that is where it was created and where it is registered [and that] Defendant Edens is also a citizen of the State of South Carolina because that is the location of its principal place of business." ECF No. 1 at 3. Footnote 1 of the Notice further states that "Defendant Edens' counsel has informed us that Defendant Edens is a Corporation incorporated under the laws of the State of Delaware." *Id.* at n.1. It was later discovered that "Edens is a limited partnership and that it has a citizen in Florida" (ECF No. 17 at 2), thus defeating complete diversity.

On October 31, 2022, Ms. Archer filed an unopposed motion to amend the Complaint and to remand the matter to state court. ECF No. 9. That motion is based

---

[1] In her motion and reply papers, Ms. Archer "acknowledge[s] that the state court complaint included "Inc." at the end of Edens' name" (ECF No. 17 at 2) and that this "could have contributed to Petco's initial impression that Edens was a corporation." ECF No. 20 at 4.

primarily on Ms. Archer's intent to amend the Complaint to add Petco's store manager, who is a citizen of Florida, as a defendant, which would defeat complete diversity. *Id.* The motion briefly mentions that "it is not clear if Edens is a limited partnership or a corporation." *Id.* at 10.

On November 11, 2022, Petco and Edens filed a Consent to Remand (ECF No. 14), which states that when Petco filed the Notice of Removal, Edens' counsel "was not licensed in this jurisdiction." *Id.* at 2. However, "[s]ince new counsel has entered the case for Edens, it has been determined that Edens' citizenship defeats removal." *Id.* at 3. Judge Cannon remanded the case to state court on November 14, 2022. ECF No. 15.

With the instant motion, Plaintiff contends that Petco's failure to "properly analyze[] Edens' citizenship" before removing the case was "objectively unreasonable." ECF No. 17 at 2-3. According to Plaintiff, Petco should have checked the "publicly available Sunbiz registration" which designated Edens as a "limited partnership." ECF No. 17 at 2. Plaintiff argues that because Edens' corporate status was "unclear," Petco had a burden to "investigate[] the matter itself" before filing its Notice of Removal, regardless of the representations by Edens' counsel about Edens' corporate status and citizenship. *Id.* at 3.[2]

---

[2] Plaintiff's motion seeks to bifurcate the issue of entitlement to fees from the reasonableness of the fees sought, so Plaintiff does not specify the amount of fees she seeks for having to file her motion to remand.

## **DISCUSSION**

Generally speaking, in American litigation each party in a lawsuit bears its own attorney's fees. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001) (citing *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975)). However, there are statutory exceptions, such as 28 U.S.C. § 1447(c), which authorizes the award of attorney's fees "only where the removing party lacked an objectively reasonable basis for seeking removal." *Imperial Fund I, LLC v. Orukotan*, No. 21-CV-60162-RAR, 2021 WL 752577, at *6 (S.D. Fla. Feb. 25, 2021) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). The "'appropriate test for awarding fees under § 1447(c)' is to balance deterring 'removals sought for the purpose of prolonging litigation and imposing costs on the other party,' and safeguarding defendants' statutory right 'to remove as a general matter, when the statutory criteria are satisfied.'" *Bujanowski v. Kocontes*, 359 F. App'x 112, 113–14 (11th Cir. 2009) (quoting *Martin*, 546 U.S. at 140).

Here, I do not find that Petco's removal of the matter was intended to prolong the litigation or impose costs on Plaintiff. Rather, I find that it was objectively reasonable for Petco to believe that Edens was a corporation and analyze its citizenship based on that criteria, instead of as a limited partnership.[3] Petco's

---

[3] "A corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]" *MBI Servs., LLC v. Apex Distribution LLC*, No. 21-CV-20975, 2021 WL 980947, at *2 (S.D. Fla. Mar. 15, 2021) (quoting 28 U.S.C. § 1332(c)(1)). A limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens. *Rolling*

mistaken belief that Edens was a foreign corporation was not the result of an unreasonable failure to investigate. On the contrary, it stemmed from a reasonable reliance on two independent sources: (1) Plaintiff's Complaint which named Edens as a for-profit corporation and (2) confirmation from Edens' attorney that it was a foreign corporation. Notably, Edens was not within Petco's control – it is an independent entity with its own counsel. Thus, the cases Plaintiff cites where fees were awarded are easily distinguishable. *See Bldg. Materials Corp. of Am. v. Henkel Corp.*, No. 615CV548ORL22GJK, 2017 WL 4082440, at *4 (M.D. Fla. Apr. 17, 2017) (in its notice of removal, defendant improperly asserted its *own* citizenship having failed to investigate and determine its state of incorporation); *Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc.*, 436 F. App'x 888, 893 (11th Cir. 2011) (defendant's notice of removal based on fraudulent joinder was improper and untimely because the defendant-employer could have obtained the relevant information from their co-defendant/employee "earlier" but instead "chose to wait"); *Hajdasz v. Magic Burgers, LLC*, No. 618CV1755ORL22KRS, 2018 WL 7436133, at *8-9 (M.D. Fla. Dec. 10, 2018) (where defendant was not diligent in obtaining damages calculations from plaintiff, its discovery during trial that the amount in controversy exceeded $75,000 rendered defendant's notice of removal untimely and objectively unreasonable).[4]

---

*Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021 (11th Cir. 2004) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990).

[4] Plaintiff's argument that Petco did not obtain Edens' formal consent prior to filing its Notice of Removal is a red herring given that "Edens had indicated [to Petco's attorney] its intention to seek removal." ECF No. 14 at 2.

## RECOMMENDATION

Accordingly, it is hereby **RECOMMENDED** that the District Court **DENY** Plaintiff's Motion for Attorneys' Fees and Costs. ECF No. 17.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**DONE AND SUBMITTED** in Chambers this 23rd day of January, 2023 at West Palm Beach in the Southern District of Florida.

_____
BRUCE REINHART
United States Magistrate Judge